### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SERGEI RUKAVITSYN, ET AL.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:12-cv-02253-JAR |
| ) | |
| **SOKOLOV DENTAL** ) | |
| **LABORATORIES, INC.**, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiffs Sergei Rukavitsyn, Yuriy Usenko, and Roman Isakov, individually and on behalf of all those similarly situated, filed this removal action against Defendant Sokolov Dental Laboratories, Inc., alleging claims under the Fair Labor Standards Act ("FLSA"),[1] the Kansas Wage Payment Act ("KWPA"),[2] and Kansas common law claims for breach of contract and quantum meruit. In a July 27, 2012 Memorandum and Order, the Court granted in part and denied in part Defendant's Motion to Dismiss Counts II, III, and IV of Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court denied Defendant's motion on Count II, the KWPA claim, and granted the motion on Counts III and IV, the Kansas common law claims.

Before the Court is Defendant's Motion for Reconsideration of the Overtime Rate of Compensation (Doc. 15). In its motion, Defendant does not ask for reconsideration of the Order's holdings, but the Court to clarify that the reference to the FLSA overtime rate in 29 U.S.C. § 207(a)(1) does not preclude further argument on the appropriate method of calculation for overtime compensation that applies in this case. Plaintiffs concede that this issue was not

---

[1] 29 U.S.C. §§ 201–219.

[2] K.S.A. § 44-313.

before the Court on the motion to dismiss and that the Court's Order did not rule on the appropriate method of calculating overtime in this case.

Local Rule 7.3(a) provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."[3] Defendant brings this motion under Rule 60(b). Rule 60(b) is "an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule."[4] Under Rule 60(b), the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . [or] it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[5]

The Court declines to reconsider its previous order to correct clear error or a mistake as urged by Defendant. To the extent the Court referenced the time and a half method of calculating overtime in its July 27, 2012 Order, it was in reference to the general requirements of the FLSA, and was not meant to preclude further litigation on the issue. In fact, the FLSA claim was not at issue on the motion to dismiss. Indeed, the parties agree that this issue was not before the Court, nor did the Court rule one way or the other on whether the fluctuating workweek method of calculating overtime is appropriate.[6] The Court's Order left open for determination

---

[3]D. Kan. Rule 7.3(a).

[4]*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983).

[5]Fed. R. Civ. P. 60(b).

[6]*See* 20 C.F.R. § 778.114(a).

2

the amount, if any, of overtime pay at issue in this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Reconsideration (Doc. 15) is **denied**.

Dated: September 18, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE